REQUESTED BY: Senator Calvin F. Carsten Nebraska State Legislature 1522 State Capitol Lincoln, Nebraska 68509
ear Senator Carsten:
We are in receipt of your letter of September 23, 1983, in which you call our attention to the provisions of LB 370 which was passed by the Legislature earlier this year and ask certain questions as to our opinion as to how this legislation should be interpreted. It is our understanding that you intend to consider amending this legislation depending upon its interpretation.
Specifically, you ask whether or not this bill pertaining to conflicts of interest imposes reporting requirements upon only those officials who are directly involved in the contract giving rise to the conflict or whether it applies to all officials where their private businesses are doing business with the entity where that official has taken no part in the contractual process.
The particular facts you call to our attention involve a local official who is a member of the Board of Public Works in his city. There appears to be no question in your mind that where the Board of Public Works does business with the official's hardware store that it would be necessary for him to comply with the provisions of LB 370. Your question, however, concerns a situation where the city through some other department does business with this individual's hardware store and the Board of Public Works has not been involved in any way. In such a situation the question then becomes whether or not this individual must satisfy the reporting requirements of LB 370 or whether that is only necessary when his Board of Public Works and he himself are directly involved.
Legislative Bill 370 in Section 1 provides as is pertinent, `no officer of any city or village may be directly or indirectly interested in any contract to which the city or village, or anyone for its benefit, is a party.' With respect to the definition of officer, Section 1 also provides `officer shall mean any elected or appointed official or member of any board or commission of any city or village.' Therefore, it appears to us that the Legislature by the inclusion of the word `any' in both of these sections has mandated that any official of a city must comply with the reporting requirements any time he is interested in any contract between the city and his business.
We have examined the legislative history of this bill and while we do not find it particularly instructive on this question, it would be our opinion in any event that the intent of the Legislature would not be relevant in a situation such as this where the language of the statute is clear and unambiguous.
We are therefore of the opinion that LB 370 requires officials such as the one about whom you inquired to comply with the reporting requirements any time his private business enters into a contractual relationship with the city regardless of the amount of his direct involvement as a city official.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General